# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    CV 20-01137 MWF (PVC)                    Date:  February 20, 2020

Title       Walter Bolden v. Rick Hill, Warden

Present:  The Honorable Pedro V. Castillo, United States Magistrate Judge

|            Marlene Ramirez            |                 None                 |
| :-----------------------------------: | :----------------------------------: |
|             Deputy Clerk              |      Court Reporter / Recorder       |

|   Attorneys Present for Petitioners:   |   Attorneys Present for Respondents:   |
| :------------------------------------: | :------------------------------------: |
|                  None                  |                  None                  |

**PROCEEDINGS:    [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE
                     MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT
                     THIS ACTION BE DISMISSED AS UNTIMELY**

On January 27, 2020,[1] Walter Bolden ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254.  Petitioner asserts four claims: (1) that he was denied his sixth amendment right to appellate counsel when his lawyer abandoned him after his appeal to the California Court of Appeal, (2) that he was denied his sixth amendment right to a jury comprised of a cross section of the community, (3) that evidence of gang membership should not have been allowed at trial, and (4) that possession of gun evidence violates code section 352.  For the reasons set forth below, the Petition appears to be untimely.

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000).  Here, the Court uses January 27, 2020, the date the Petition was signed, as the constructive filing date.  (*See* Petition, Docket No. 1, at p. 13).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    CV 20-01137 MWF (PVC)                    Date:  February 20, 2020

Title       Walter Bolden v. Rick Hill, Warden


The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences."  *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions.  The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Here, the applicable limitations period is set forth in 28 U.S.C. § 2244(d)(1)(A).

A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  28 U.S.C. § 2244(d)(1).  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The California Court of Appeal affirmed Petitioner's conviction on December 1, 2016.  (*See* California Appellate Court Case Information

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-01137 MWF (PVC)                    Date:  February 20, 2020

Title        Walter Bolden v. Rick Hill, Warden

website, Cal. Ct. App. 2nd Dist., Case No. B270226, at http://appellatecases.courtinfo. ca.gov).[2]   It appears that Petitioner did not seek to appeal his conviction to the California Supreme Court at that time.  As such, his conviction became final forty days later, on January 10, 2017.  *See Gonzalez v. Thaler*, 565 U.S.  134, 154 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires."); Cal. R. Ct. 8.264(b)(1), 8.500(e)(1) (providing that a Court of Appeal decision becomes final "in that court" 30 days after it is issued and requiring that any petition for review with the California Supreme Court be filed within 10 additional days).  Thus, absent tolling, the 28 U.S.C. § 2244(d)(1) limitations period began to run the next day and expired one year later, on **January 10, 2018.**  The instant Petition was not filed until January 27, 2020.  Therefore, absent tolling, it is untimely by more than two years.

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  The time between the date a conviction becomes final and the date a petitioner files his first state habeas petition is not subject to statutory tolling.  *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).  However, AEDPA's statutory tolling provision applies to "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008).  "Applying these principles to California's post-conviction procedure . . . the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  *Id.; see also Carey v. Saffold*, 536 U.S. 214, 217-23 (2002) (under California's "original writ" system, an application for state collateral review is "pending" in the state courts so as to toll the federal statute of limitations during the interval

_____
[2] The Court takes judicial notice of state court documents relevant to the disposition of this case.  *See United States v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992).

between a lower court's decision and the filing of a further original state habeas petition in a higher court).

The United States Supreme Court has since clarified this standard, holding that a petition is "pending" between the time the lower state court reached an adverse decision and the day the petitioner filed a petition in a higher state court only if the subsequent petition was filed within a "reasonable time." *Saffold*, 536 U.S. at 217-22. When a state habeas petition is untimely, it is not properly filed and AEDPA's statute of limitations will not toll. *Pace*, 544 U.S. at 417. Moreover, if a petition is untimely, then "none of the time before or during the court's consideration of that petition is statutorily tolled." *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). In *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court held that, in the absence of a ruling on timeliness from a California state court, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'" *Id.* at 198 (also noting that a federal court cannot presume that a state petition was timely simply because a state court considered the petition on the merits).

According to the Petition, the *only* state court filing Petitioner submitted after the California Court of Appeal denied his direct appeal on December 1, 2016 and his conviction became final on January 10, 2017, was his habeas petition filed in the California Supreme Court on August 22, 2019, *i.e.*, more than one year and seven months after the AEDPA statute of limitations period had already expired on January 10, 2018. (Petition at 4; *see also* California Appellate Court Case Information website, Case No. S257578, at http://appellatecases.courtinfo.ca.gov). A state habeas petition filed after the expiration of the one-year AEDPA limitations period does not reset the limitations clock. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state [habeas] petition was filed."); *Roberts v. Marshall*, 627 F.3d 768, 771 n.4 (9th Cir. 2010) ("subsequent state petitions" filed after expiration of the AEDPA limitations period do not entitle petitioner "to any additional tolling"); *Meadows v. Biter*, 980 F. Supp. 2d

Case No.   CV 20-01137 MWF (PVC)                    Date: February 20, 2020

Title      Walter Bolden v. Rick Hill, Warden

1148, 1151 (C.D. Cal. 2013) (the filing of a state petition after the AEDPA limitations period expired "cannot revive [the] statute of limitations and has no tolling effect") (citing *Ferguson*, 321 F.3d at 823). Accordingly, it appears that the filing of the California Supreme Court habeas petition would not entitle Petitioner to statutory tolling and would not render the instant federal Petition timely.

If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this order should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling. *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled."). For example, to claim an entitlement to statutory tolling, Petitioner must identify any petitions that he filed in state court that were accepted for review after the Court of Appeal denied his direct appeal on December 1, 2016, and before he filed his habeas petition in the California Supreme Court on August 22, 2019. Petitioner must also indicate the date on which he filed the state court petition and the date on which it was denied.

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) ("The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'") (quoting *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009)). The Petition does not expressly seek equitable tolling. Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling, 'lest the exceptions swallow the rule'") (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)). If, for example, Petitioner contends that he is entitled to equitable

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-01137 MWF (PVC)                    Date:  February 20, 2020

Title        Walter Bolden v. Rick Hill, Warden

tolling due to attorney abandonment, he must show that he diligently attempted to have his counsel file an appeal *before* the AEDPA statute of limitations period lapsed and that it was reasonable for him not to pursue state habeas relief on his own during that period despite his counsel's alleged silence.  *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' 'maximum feasible diligence[.]'") (internal citations omitted).  Petitioner must also identify the amount of time he contends that the statute of limitations should be equitably tolled.

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action.  Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **thirty days** of the date of this Order, why this action should not be dismissed pursuant to the AEDPA one-year period of limitation.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

After the Court receives a response to the OSC, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience.</u>  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." In addition, should Petitioner attempt to file a second petition with these claims, his petition may be rejected as successive.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    CV 20-01137 MWF (PVC)                    Date:  February 20, 2020

Title    Walter Bolden v. Rick Hill, Warden

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.** *See* **Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.